UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOSEPH ROSEMOND,  )
    Plaintiff,  )
v.  )  C.A. No. 04-30072-KPN
  )
STOP & SHOP SUPERMARKET  )
COMPANY LLC,  )
    Defendant.  )
  )

**CONFIDENTIALITY AGREEMENT**

WHEREAS discovery has begun in this action and the parties are seeking and/or may in the future seek documents, testimony or information which may be considered proprietary or confidential by the parties requested to produce same; and

WHEREAS the signatories hereto wish to protect such proprietary or confidential documents, testimony or information from unauthorized and unnecessary disclosure;

IT IS THEREFORE AGREED by and between the undersigned attorneys for the parties that the following procedures designed to assure protection of proprietary or confidential documents, testimony or information during these proceedings shall govern any discovery that results in the production of such documents, testimony or information:

1. Any party may mark or designate as "CONFIDENTIAL" all or any portion of any document delivered to any party in response to a request for production of documents or interrogatories, which any party believes contains or comprises confidential personal, business or financial information of that party, whether or not the party was the source of the information.

2. Any party may mark or designate as "CONFIDENTIAL" any document or information, including without limitation information given orally, produced at any deposition taken in this action and those portions of the transcripts of any deposition taken in this action containing confidential or proprietary information.

3. Whenever a non-party elects or is required to produce documents in the course of discovery, whether in response to a subpoena or otherwise, those documents may be designated

as "CONFIDENTIAL" by any party, in writing, at the time that they are produced by the non-party, and all copies of the documents so designated that are delivered to the requesting party, shall be stamped or copied with the designation "CONFIDENTIAL" on them.

4. All documents or other materials which are designated "CONFIDENTIAL" and delivered to counsel of record for the requesting party by any party producing information in response to discovery requests in this action, shall be retained in the offices of counsel of record for the requesting party and shall not be made public by the receiving party or disclosed to anyone in any manner or form, either directly or indirectly, in substance or otherwise, except as permitted by this Agreement.

5. The term "counsel of record" as used herein means the individual attorneys who have filed appearances in this action and other members of their respective firms, attorneys associated with or of counsel to those firms, and legal assistants and other employees or independent contractors of those firms.

6. Any party obtaining discovery in this action shall disclose information obtained in discovery that is required to be treated as "CONFIDENTIAL" under the terms of this Agreement only to the following persons (designated herein as "Permitted Recipients"):

  a. Counsel of record for any party;

  b. Named parties to the action;

  c. Independent experts, consultants and advisors employed or retained by counsel for the parties to perform investigative work, research, analysis or other services related to the prosecution or defense of this action and employees of such experts, consultants and advisors; and

  d. Deposition reporters and their employees.

7. All "CONFIDENTIAL" information obtained through discovery in this action shall be treated as "CONFIDENTIAL" by counsel for the parties and any other person obtaining such information under the terms of this Agreement. Prior to disclosure of any "CONFIDENTIAL" information to any of the individuals described in paragraph 6(c) of this

Agreement, each individual shall have first agreed to comply with the terms of this Agreement by dating and signing an acknowledgment in the following form, with a copy of this Agreement attached thereto:

> I, [Name], [position or employment] hereby acknowledge that I am about to receive "CONFIDENTIAL" information protected by the Confidentiality Agreement executed by the parties in the action entitled <u>Joseph Rosemond v. The Stop & Shop Supermarket Company</u>, Civil Action No. 04-30072-KPN, a copy of which is annexed hereto. I certify that I have been given a copy of and have read the attached Agreement, that I am familiar with and understand the terms of the Agreement, and that I agree to be bound by those terms of the Agreement. I understand that such "CONFIDENTIAL" information may not be copied, excerpted, summarized or disclosed to any person except as permitted by the Agreement.

8.  In addition, prior to the disclosure in any manner or form, either directly or indirectly, in substance or otherwise, of any "CONFIDENTIAL" information as permitted by this Agreement, counsel of record shall instruct each individual to whom such information is being disclosed that the information may not be disclosed in any manner or form, either directly or indirectly, in substance or otherwise, to other persons; that the information may not be copied and must remain in the person's custody until returned to counsel of record for the requesting party; that the information is being disclosed pursuant and subject to the terms of this Agreement; that the person must not use the information or the contents thereof except for the purposes of this action; and that all information (including but not limited to any expert summaries or copies thereof) must be returned to counsel of record for the requesting party upon completion of its use by said person.

9.  Any party to this action who is served by a non-party with a subpoena or other process requiring the production of any "CONFIDENTIAL" information or materials shall immediately by telephone and also in writing (including a copy of a subpoena or other process) give notice to the party who originally produced the information. The party served with such a subpoena or other process shall not make production before required or otherwise interfere with the opportunity of the other party to be heard on an application for protective order against the

production. However, nothing contained herein is meant to interfere with the lawful subpoena process, or the obligation and duties of the party who is served with the subpoena or other process.

10. Any party to this action may by written notice to the producing party challenge the propriety of a "CONFIDENTIAL" designation made pursuant to this Agreement. Within fourteen (14) days from the receipt of the producing party's written notice of designation, a party may challenge the designation by serving a written objection thereto on the producing party. Thereafter, within fourteen (14) calendar days of receipt by the producing party of the written objection, the producing party may serve upon the party challenging the designation a motion, intended to preserve the designation. If no motion is served within this time frame by the producing party, then the designation which was challenged and the documents and/or information will not be treated as "CONFIDENTIAL." If a producing party serves such a motion disputing the challenge to the designation of the documents or information, the burden shall be upon the producing party to demonstrate that under applicable legal standards the information in question is sufficiently sensitive to warrant "CONFIDENTIAL" treatment under the provision of this Agreement. If the producing party does file a timely motion pursuant to this paragraph, all information sought to be designated as "CONFIDENTIAL," but challenged, shall be treated as "CONFIDENTIAL" pursuant to this Agreement and no disclosure thereof shall be made except as permitted by this Agreement, unless and until the court has resolved the dispute by authorizing further disclosure.

11. Nothing herein shall be construed as limiting the use or disclosure of "Confidential" documents or other information in any trial or appeal of the Action, or in connection with any motions, including hearings on such motions. However, each party shall have the right to request that any such hearing or portion thereof be conducted *in camera*. "Confidential" documents and other information shall not be filed with the Court or included, in whole or in part, in pleadings, motions or briefs, except in sealed envelopes prominently marked with the caption of the case and the notation:

"CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO CONFIDENTIALITY AGREEMENT, TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT"

12. The termination of the proceedings in this action shall not relieve any party to whom "CONFIDENTIAL" information has been disclosed from the obligations of the Confidentiality Agreement. Within six (6) weeks after the termination of this action, including all appeals thereof, counsel of record may request the return of any and all "CONFIDENTIAL" information that its client has produced during the course of this action from the requesting party, together with all copies thereof, except that counsel for either party may elect to destroy documents designated "CONFIDENTIAL" within their possession by shredding them rather than returning them to the party who produced them.

13. Nothing contained in this Agreement shall be deemed as a modification or expansion of the scope of the rules of procedure and evidence with respect to the discoverability and/or admissibility of any document or other information or materials produced during the course of this action.

14. This Confidentiality Agreement may be amended without leave of the court by the agreement of the attorneys for the parties in the form of a stipulation which shall be filed in this action.

15. This Confidentiality Agreement shall not apply to information which is already in the possession or knowledge of the parties, or is independently developed or acquired by the parties, obtained from an independent source, or is public knowledge. Moreover, the restrictions of this Confidentiality Agreement shall cease to apply to information which, after disclosure, becomes public knowledge other than by act or omission of any Permitted Recipient in contravention of this Confidentiality Agreement.

16. Assent to the foregoing Confidentiality Agreement hereby given by the parties by and through their attorneys.

| | |
|---|---|
| **JOSEPH ROSEMOND** | **STOP & SHOP SUPERMARKET COMPANY** |
| By his attorney, | By its attorneys, |
| *(signature)* | *(signature)* |
| Tani E. Sapirstein (BBO # 236850) | Lisa J. Damon (BBO # 558843) |
| Sapirstein & Sapirstein, P.C. | Yvette Politis (BBO # 644986) |
| 1341 Main Street | Seyfarth Shaw LLP |
| Third Floor | WORLD TRADE CENTER EAST |
| Springfield, MA 01103 | Two Seaport Lane, Suite 300 |
| (413) 827-7500 | Boston, MA 02210-2028 |
| | (617) 946-4800 |
| DATED: 9/30/04 | DATED: 9/29/04 |