UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH ROSEMOND,<br>　　　　Plaintiff,<br>v.<br><br>STOP AND SHOP SUPERMARKET<br>COMPANY,<br>　　　　Defendant. | )<br>)<br>)<br>) C.A. No. 04-30072-KPN<br>)<br>)<br>)<br>)<br>) |

**ANSWER TO AMENDED COMPLAINT AND ADDITIONAL DEFENSES**

Pursuant to Fed. R. Civ. P. 12, Defendant, The Stop & Shop Supermarket Company LLC ("Stop & Shop" or "Defendant"), in response to Plaintiff Joseph Rosemond's Amended Complaint, hereby files the within answer.

**FIRST DEFENSE**

<u>PARTIES</u>

1.　Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

2.　Defendant admits the allegations contained in Paragraph 2 of the Amended Complaint.

<u>JURISDICTION</u>

3.　Paragraph 3 of the Amended Complaint contains argument and conclusions of law to which no response is required.

4.　Paragraph 4 of the Amended Complaint contains argument and conclusions of law to which no response is required.

5.　Defendant admits the allegations contained in Paragraph 5 of the Amended Complaint.

6. Defendant admits that Plaintiff submitted a letter dated March 10, 2004, to the Massachusetts Commission Against Discrimination requesting permission to withdraw his Charge and to file a civil action regarding the same matter in court.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint, except admits that the Equal Employment Opportunity Commission issued Plaintiff a notice of his right to sue on April 1, 2004.

## FACTS

8. Upon information and belief, Defendant admits the allegations contained in Paragraph 8 of the Amended Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Amended Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Amended Complaint.

11. Defendant admits that as a Customer Service Manager, Plaintiff often met with Michael Leach, the Store Manager, and likely met with Mr. Leach during the summer of 2003.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint.

13. Defendant admits that during the summer of 2003, Plaintiff attended a meeting with Mr. Leach in which Plaintiff brought cups of coffee for himself and Mr. Leach.

14. Defendant denies the allegations contained in Paragraph 14 of the Amended Complaint, except admits that during the summer of 2003, Plaintiff attended a meeting with Mr. Leach and David Taranova, the Chicopee Store Bake Shop Lead Clerk. Defendant also admits that Mr. Taranova is a non-exempt, union employee, who does not have the authority to make

any decisions concerning hiring, disciplinary action, termination, promotions of Stop & Shop employees.

15. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Amended Complaint, except admits that during a meeting in the summer of 2003 at which Plaintiff, Mr. Taranova, Mr. Leach and Marcy Wutka were present, Plaintiff brought cups of coffee for Mr. Leach and Ms. Wutka but not Mr. Taranova. In jest, Mr. Taranova said something like "Where's my coffee? What am I, Black?" Shortly after the meeting, Mr. Taranova apologized to Plaintiff for his comment.

17. Defendant denies the allegations contained in Paragraph 17 of the Amended Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Amended Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Amended Complaint.

20. Defendant denies that David Taranova made the statement alleged by the Plaintiff in Paragraph 19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Amended Complaint.

21. Upon information and belief, Defendant admits that on the morning of December 10, 2003, Plaintiff found a rope fashioned in the shape of a noose hanging over the desk of his co-manager, Marcy Wutka. Defendant denies that Plaintiff had an office at the Chicopee Store.

22.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Amended Complaint, except admits that Plaintiff was the only African-American manager who had a desk located in the common area for employees known as the "Mezzanine Area."

24.     Defendant denies the allegations contained in Paragraph 24 of the Amended Complaint, except admits that Marcy Wutka, a Caucasian Assistant Store Manager, also had a desk located in the Mezzanine Area.

25.     Defendant admits that Ms. Wutka was on vacation from the Chicopee Store from December 6, 2003 to December 10, 2003, and December 12, 2003 to December 14, 2003.

26.     Defendant admits that Plaintiff spoke to Mr. Whelan about the rope on December 10, 2003.

27.     Defendant denies the allegations contained in Paragraph 27 of the Amended Complaint.

28.     Defendant denies that Mr. Whelan did not take Plaintiff's complaint regarding the rope seriously, except admits that Plaintiff discussed his feelings regarding the rope with Mr. Whelan.

29.     Defendant admits that after Plaintiff discussed his feeling regarding the rope with Mr. Whelan, Mr. Whelan initiated an investigation to learn who put up the rope over Ms. Wutka's desk, which included having the Chicopee Store security staff review video surveillance tapes.

30.     Defendant denies the allegations contained in Paragraph 30 of the Amended Complaint, except admits that it reviewed the video surveillance tapes and, following an

investigation, determined that two employees entered the Mezzanine Area before Plaintiff arrived at the store on December 10, 2003, and put up the rope over Ms. Wutka's desk.

31. Defendant denies the allegations contained in Paragraph 31 of the Amended Complaint, except admits the video surveillance tapes showed that employees Charles Ingalls and Jeramie Rankins entered the Mezzanine Area before Plaintiff arrived at the store on December 10, 2003.

32. Defendant denies the allegations contained in Paragraph 32 of the Amended Complaint, except admits that Stanley Kaletta entered the Mezzanine Area after Mr. Ingalls and Mr. Rankins had entered the Mezzanine Area and put up the rope. Defendant also admits that Mr. Kaletta, a non-exempt, union employee, who does not have the authority to make any decisions concerning hiring, disciplinary action, termination, promotions of Stop & Shop employees, is the head of the Chicopee Store Meat Department.

33. Defendant denies the allegations contained in Paragraph 33 of the Amended Complaint, except admits that Mr. Ingalls and Mr. Rankins admitted to putting up the rope over Ms. Wutka's desk located in the Mezzanine Area.

34. Defendant denies the allegations contained in Paragraph 34 of the Amended Complaint, except admits that Mr. Rankins and Mr. Ingalls admitted that they put up the rope over Ms. Wutka's desk as a joke. Defendant admits that Ms. Wutka was on vacation from the Chicopee Store from December 6, 2003 to December 10, 2003, and December 12, 2003 to December 14, 2003.

35. Defendant denies that Mr. Kaletta was aware that employees Charles Ingalls and/or Jeramie Rankins planned to put up or had put up a rope over Ms. Wutka's desk, except admits that Mr. Kaletta later saw the rope over Ms. Wutka's desk.

36. Defendant denies the allegations contained in Paragraph 36 of the Amended Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Amended Complaint, except admits that its investigation revealed that employees Mr. Ingalls and Mr. Rankin put up the rope over Ms. Wutka's desk as a joke and did not intend it for the Plaintiff.

38. Defendant denies the allegations contained in Paragraph 38 of the Amended Complaint.

**39.    [THERE IS NO PARAGRAPH 39 IN THE AMENDED COMPLAINT.]**

40. Defendant denies the allegations contained in Paragraph 40 of the Amended Complaint. Defendant suspended Mr. Ingalls and Mr. Rankins pending the termination of their employment. They grieved their suspensions pursuant to their union agreement with Defendant. But for this grievance, Mr. Ingalls's and Mr. Rankins's terminations would be final. The union demanded that the Defendant fully reinstate them to their positions. Following two hearings with Mr. Ingalls's and Mr. Rankins's union representatives concerning their terminations, Defendant, at the urging of the union representatives, reduced Mr. Ingalls's and Mr. Rankins's terminations to suspensions without pay. Defendant also transferred Mr. Ingalls and Mr. Rankin out of the Chicopee Store into separate stores.

41. Defendant denies the allegations contained in Paragraph 41 of the Amended Complaint and repeats and incorporates by reference its answer to Paragraph 40.

42. Defendant denies the allegations contained in Paragraph 42 of the Amended Complaint and repeats and incorporates by reference its answer to Paragraph 40.

43. Defendant denies the allegations contained in Paragraph 43 of the Amended Complaint, except admits that it counseled Mr. Kaletta for not immediately addressing the situation after seeing the rope over Ms. Wutka's desk.

44. Defendant admits the allegations contained in Paragraph 44 of the Amended Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Amended Complaint.

46. Paragraph 46 of the Amended Complaint contains argument and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 46 of the Amended Complaint.

47. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 47 of the Amended Complaint.

48. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 48 of the Amended Complaint.

## COUNT I – RACE DISCRIMINATION
## 42 U.S.C. § 2000e, et seq.

49. Defendant repeats and incorporates by reference its answers to Paragraphs 1 through 48 above.

50. Defendant denies the allegations contained in Paragraph 50 of the Amended Complaint.

51. Defendant denies the allegations contained in Paragraph 50 of the Amended Complaint.

**COUNT II – RACIAL HARASSMENT**
**42 U.S.C. § 2000e, et seq.**

52. Defendant repeats and incorporates by reference its answers to Paragraphs 1 through 51 above.

53. Defendant denies the allegations contained in Paragraph 53 of the Amended Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Amended Complaint.

**COUNT III – RACE DISCRIMINATION**
**M.G.L. C. 151B**

55. Defendant repeats and incorporates by reference its answers to Paragraphs 1 through 55 above.

56. Defendant denies the allegations contained in Paragraph 56 of the Amended Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Amended Complaint.

**COUNT IV – RACIAL HARASSMENT**
**M.G.L. C. 151B**

58. Defendant repeats and incorporates by reference its answers to Paragraphs 1 through 58 above.

59. Defendant denies the allegations contained in Paragraph 59 of the Amended Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Amended Complaint.

### FIRST ADDITIONAL DEFENSE

Plaintiff fails to state claims upon which relief may be granted.

### SECOND ADDITIONAL DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of waiver, laches, and estoppel.

### THIRD ADDITIONAL DEFENSE

Without conceding that the Plaintiff has suffered any damages as a result of any purportedly wrongful act of the Defendant, Plaintiff has failed to mitigate his damages.

### FOURTH ADDITIONAL DEFENSE

This Court lacks subject matter jurisdiction over some or all of Plaintiffs claims as he failed to allege them before the Massachusetts Commission Against Discrimination.

### FIFTH ADDITIONAL DEFENSE

Plaintiff's claims are barred to the extent that he fails to set forth a prima facie case of employment discrimination on the basis of race.

### SIXTH ADDITIONAL DEFENSE

Plaintiff's claims are barred to the extent that he fails to set forth a prima facie case of racial harassment.

### SEVENTH ADDITIONAL DEFENSE

Plaintiff's claims are not actionable because the employment practices and/or decisions challenged in the Amended Complaint are justified by legitimate, non-discriminatory and non-pretextual reasons.

## EIGHTH ADDITIONAL DEFENSE

Defendant has complied with all laws and regulations and otherwise satisfied its statutory obligations toward Plaintiff under Title VII of the Civil Rights Act and Mass. Gen. Laws c. 151B.

## RESERVATION OF RIGHTS CLAUSE

Defendant reserves the right to amend its answer and defenses, and to add additional defenses or delete or withdraw existing defenses as such supplementation or deletion may become necessary after reasonable opportunity for appropriate discovery on the allegations contained in the Plaintiff's Amended Complaint.

**WHEREFORE**, Defendant respectfully asks the Court to dismiss with prejudice the Amended Complaint, and to award Defendant's attorneys' fees and costs and such other relief as the Court deems just and proper.

Respectfully submitted,

DEFENDANT,
THE STOP & SHOP SUPERMARKET COMPANY LLC,
By its Attorney(s),

 /s/ Yvette Politis
Lisa Damon (BBO# 558843)
Yvette Politis (BBO# 644986)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:   (617) 946-4801

DATED: December 2, 2004

## CERTIFICATE OF SERVICE

      I, Yvette Politis, hereby certify that on December 2, 2004, I caused a true copy of the above to be delivered upon Plaintiff's attorney, Tani E. Sapirstein, Sapirstein & Sapirstein, P.C., 1341 Main Street, 3rd Floor, Springfield, MA 01103.

                                              /s/ Yvette Politis
                                              Yvette Politis

Case 3:04-cv-30072-MAP     Document 21-2     Filed 12/01/2004     Page 11 of 11