UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH ROSEMOND,<br>      Plaintiff,<br><br>v.<br><br>STOP AND SHOP SUPERMARKET<br>COMPANY, LLC<br>      Defendant. | **HEARING REQUESTED**<br><br>C.A. No. 04-30072-KPN |

## STOP & SHOP'S MOTION TO COMPEL PLAINTIFF'S INTERROGATORY RESPONSES AND FOR EXPENSES

Defendant Stop & Shop Supermarket Company, LLC ("Stop & Shop"), moves pursuant to Fed. R. Civ. P. 37(a) for an order compelling plaintiff Joseph Rosemond ("Plaintiff") to respond to Defendant Stop & Shop's Second Set of Interrogatories to Plaintiff. In support hereof, Stop & Shop state as follows:

### Relevant Background

On or about April 7, 2004, Plaintiff filed an action in the United State District Court District of Massachusetts against Stop & Shop asserting claims of discrimination and harassment on the basis of his race. In both his Complaint and Initial Disclosures required by Fed. R. Civ. P. 26(a)(1)(C), Plaintiff requests attorney's fees as a component of his damages. On February 4, 2005, Stop & Shop served Plaintiff with Defendant's Second Set of Interrogatories to Plaintiff. In its request, Defendant propounded two interrogatories. Each interrogatory was directed at obtaining information concerning the amount of attorney's fees Plaintiff had accrued to date.

Specifically, Defendant submitted the following interrogatories to Plaintiff:

Interrogatory No. 1:
Please state in full the amount of legal fees and costs you have billed, paid and/or accrued to date in prosecution of this case.

> Interrogatory No. 2:
> If this case is begin handled on a contingency basis or other type of fee arrangement, please state the percentage of the fee.

Plaintiff refused to answer both interrogatories and instead asserted that these requests were (1) not relevant to the claims or defenses which are the subject matter of the litigation and (2) were protected from disclosure by the attorney/client privilege.  *See* Exhibit A (Plaintiff's Answers to Defendant's Second Set of Interrogatories).

On March 31, 2005, Yvette Politis and Tani Sapirstein, counsel for Defendant and Plaintiff respectively, conferred by telephone at approximately 10:30 a.m. to discuss Plaintiff's refusal to respond to Defendant's interrogatories concerning attorney's fees.  The parties agreed that information concerning the amount of Plaintiff's attorney's fees accrued to date was not information that was protected by attorney-client privilege.  Plaintiff's counsel asserted for the first time, however, that Defendant is not entitled to attorney fee information until after a judgment is rendered on the merits of Defendant's claims.

## Discussion

Rule 37 of the Federal Rules of Civil Procedure provides that the Court may compel discovery and impose sanctions, including the award of expenses and attorneys' fees incurred in connection with the motion to compel.  *See* Fed. R. Civ. P. 37(a)(4).  Federal Rule of Civil Procedure 26(b) (1) permits discovery that is "relevant to the claim or defense of any party" or information that "appears reasonably calculated to lead to the discovery of admissible evidence." While a party requesting discovery may not engage in overly broad discovery in defense of a claim, Rule 26 has been "generously construed to provide a great deal of latitude for discovery". *Harris v. Nelson*, 394 U.S. 286, 297 (1969).  That is, "discovery initiatives are deemed relevant as long as they seem calculated to lead to the unearthing of admissible evidence." *See Providence Hospital v. NLRB*, 93 F.3d 1012, 1022 (1st Cir. 1996).

It goes without saying that "the basic touchstone" of discovery is relevance to the "subject matter," and that the "subject matter" is defined by the pleadings filed and damages requested by the parties. *Parson v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D. N.C. 1992). *See also Garnett v. Sullivan*, 905 F. 2d 778, 783 (4th Cir. 1990)(discovery must be material to a party's claim). In his Complaint, and again in his Initial Disclosure required by 26(a)(1)(C), Plaintiff requests, among other things, "his attorney's fees," as a component of his alleged damages. Despite the scope of the Plaintiff's claims and the damages he requests, however, Plaintiff has failed provide a substantive answer that is relevant and reasonably calculated to lead to the discovery of admissible evidence concerning all of his damages.

Plaintiff provides no support for his belief that Defendant is not entitled to discovery on his attorney's fees before a decision on liability and this assertion has no basis in fact or law. First, Plaintiff will be presenting evidence of his damages at trial and Defendant must be allowed an opportunity to adequately defend such damage claims. *See Cohn et al. v. Taco Bell Corp.*, 1995 U.S. Dist. LEXIS 11791, *21 (N.D. IL. Aug. 15, 1995) (permitting pre-judgment discovery on attorney's fees where Plaintiff seeks attorney's fees as a measure of damages). Second, had the Court meant to limit the parties from conducting discovery on Plaintiff's damages, including his attorney's fees, it would have issued an Order bifurcating the trial and postponing discovery on the issue of damages until after there is a decision concerning liability. The Court has not done so, nor have the parties moved for such an Order. Moreover, Plaintiff has not previously objected to providing discovery on his damages and he has, in fact, provided testimony on his emotional distress damages during his deposition. Given the latitude the parties are generally permitted in discovery, there is no basis for asserting that Defendant is not allowed to conduct discovery on what may be a significant measure of Plaintiff's damages. Accordingly, Stop & Shop respectfully requests that Plaintiff be ordered to respond to Stop & Shop's written discovery and to produce documents by a date certain.

**Conclusion**

WHEREFORE, for all the foregoing reasons, Stop & Shop respectfully requests that this Court order Plaintiff to respond to Stop & Shop' interrogatory requests by a specific date to be set by the Court, and to award Defendant its expenses, including attorney's fee, in making this Motion.

Respectfully submitted,

**THE STOP & SHOP SUPERMARKET COMPANY LLC**

By its Attorneys,

/s/ Yvette Politis
Lisa J. Damon (BBO # 558843)
Yvette Politis (BBO # 644986)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
(617) 946-4800

DATED:  April 14, 2005

**LOCAL RULE 7.1(A)(2) CERTIFICATION**

Pursuant to Fed. R. Civ. P. 37(a)(2), L.R. 7.1(A)(2), and L.R. 37.1, counsel for Stop & Shop, Yvette Politis, contacted counsel for Plaintiff, Tani Sapirstein, by telephone at approximately 10:00 a.m. on March 31, 2005 in a good faith to resolve or narrow the issue(s) raised in the instant Motion. Plaintiff's and Defendant's counsel were unable to come to an agreement regarding the responses to the interrogatory requests. The parties were therefore unable to resolve the issues in question without Court action.

/s/ Yvette Politis
Yvette Politis

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2005, a true copy of the foregoing document was served by fax and regular mail, postage prepaid, upon counsel for Plaintiff, Tani E. Sapirstein, Esq., Sapirstein & Sapirstein, P.C., 1341 Main Street, Springfield, MA 01103.

/s/ Yvette Politis
Yvette Politis

4