UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30072-MAP

JOSEPH ROSEMOND, )
       Plaintiff )
)
v. )
)
STOP AND SHOP SUPERMARKET )
COMPANY, )
       Defendant )
_____)

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

Plaintiff, Joseph Rosemond hereby opposes the Motion to Compel of the Defendant, Stop & Shop Supermarket Company, LLC ("Stop & Shop"). As discussed more fully below, Mr. Rosemond's legal expenses and any fee agreement with his attorneys are not relevant to the issues to be presented at the trial of this matter. Additionally, any attorneys' fee award in the present action will be decided by the trial judge upon the submission of a fee application. Such an award will only be available if the jury renders a verdict in favor of Mr. Rosemond. As a result, Stop & Shop's request for discovery into Mr. Rosemond's legal expenses and fee agreement is premature and will cause unnecessary delay to the proceedings, and undue burden and expense to Mr. Rosemond. Therefore, Mr. Rosemond respectfully requests that this Court deny Stop & Shop's Motion to Compel.

I.     <u>Mr. Rosemond's Legal Expenses Are Not Relevant to the Substantive Issues</u>

Mr. Rosemond brought this action against Stop & Shop for unlawful discrimination and harassment on the basis of his race under Title VII of the Civil Rights Act of 1964 and Massachusetts General Law Chapter 151B. Stop & Shop is seeking to

1

discover information related to Mr. Rosemond's legal fees and expenses and his fee agreement with his attorney. This information is not relevant to the central issues raised in the present action: whether Mr. Rosemond was discriminated against and/or harassed because of his race or the damages which he sustained as a result of Stop & Shop's discriminatory conduct as determined by a trier of fact.

Federal Rule of Civil Procedure 26(b)(1) provides in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, . . . It is not grounds for objection that the information sought will be admissible at the trial if the information appears to be reasonably calculated to lead to the discovery of admissible evidence.

In Sandler v. McGraw-Edison Co., 92 F.R.D. 463 (S.D. OH 1981), the defendant sought access to documents including the plaintiffs' fee agreement with plaintiffs' counsel. Like Stop & Shop, the defendant in Sandler argued that the documents were relevant because the plaintiffs had alleged attorneys fees as an element of their damages. In Sandler, the plaintiffs brought an action for breach of a franchise agreement. The defendant in Sandler brought a counterclaim for non-payment for goods and machinery. The Sandler Court stated that "the fee arrangements between plaintiffs and their attorneys are in no way relevant to either side's theory of the case." Id at 464. As a result, the Sandler Court held "that documents sought here by defendant are not 'reasonably calculated to lead to the discovery of admissible evidence' as required by Rule 26(b)(1), and therefore are not relevant." Id at 465. Similarly, in the present action, Mr. Rosemond's legal expenses and attorneys' fee agreement are "in no way relevant to either side's theory of the case."

In Longport Ocean Plaza Condo., Inc. v. Robert Cato & Assocs., 2002 U.S. Dist. LEXIS 12929 (E.D. Penn. March 5, 2002)(attached hereto for the convenience of the Court), the defendants sought access to the plaintiff's billing statements and proof of payment of attorney's fees. The Court held that the information requested was not

2

relevant to the upcoming jury trial and would place an undue burden and expense on the plaintiff. As a result, the defendant's request for production was denied. In the present action, Mr. Rosemond's legal expenses and fee arrangement with his attorney are not relevant to the issues to be presented in the trial of this matter. Therefore, Stop & Shop's motion to compel discovery of such information should be denied.

II.     <u>Attorneys' Fees Are Awarded By the Trial Judge After A Successful Claim</u>

Stop & Shop has inexplicably suggested that it should have access to information regarding Mr. Rosemond's legal expenses and fee arrangement with his attorney because Mr. Rosemond will present evidence of his damages to the jury at trial. However, Stop & Shop does not cite any authority for the proposition that the issue of attorney's fees should be submitted to the jury at a trial in this matter. Additionally, Stop & Shop has not cited to any authority which would permit the requested discovery under the circumstances of the present action. The only case cited by the Defendant in support of its position is <u>Cohn v. Taco Bell Corp.</u>, 1995 U.S. Dist. LEXIS 11791 (N.D. IL. Aug. 15, 1995), a copy of which is attached hereto for the convenience of the Court. In <u>Cohn</u>, the Court specifically distinguished between claims where the question of reasonable attorneys' fees was an issue to be decided by a judge and claims where the question of attorneys' fees was an element to be proven at trial.

One of the counterclaims alleged by the defendant in <u>Cohn</u> was based upon a provision of a contract which entitled the prevailing party to an award of reasonable attorneys' fees. With respect to this claim, the <u>Cohn</u> Court stated as follows:

> As the reasonableness of fees is a collateral issue determined by the judge, if and when judgment is entered in Defendant's favor, Plaintiffs' discovery requests are premature. Because the Franchise Agreement awards fees only to the prevailing party, forcing Defendants to produce documents evidencing fees incurred as a result of litigation implicating the terms of the Franchise Agreement would have no purpose if ultimately Defendants did not prevail. Accordingly, the Court finds that any production of documents used to substantiate the reasonableness of fees incurred to litigate claims regarding the terms of the

3

Franchise Agreement should await judgment.

Id. at *18-19.

The plaintiff in Cohn, on the other hand, asserted that the "Defendants' actions forced them to engage in expensive litigation to contest the building of the corporate owned restaurant" which they did not actually intend to build. Id. at *20. Similarly, the Defendant in Cohn asserted that it suffered damages including attorneys' fees as a result of having to defend against an action which the plaintiff brought in bad faith. In contrast to its ruling on the claim which provided for reasonable attorneys' fees to the prevailing party, the Cohn Court found that these assertions of attorneys' fee damages were claims that must be presented to the jury at trial. Id. at *20-21. Thus the Cohn Court allowed for the discovery of legal fees if legal fees were damages to be proved at trial and denied the discovery of attorney's fees for any such fees which were to be determined by the trial judge after the entry of judgment. Therefore, Stop & Shop's reliance on the Cohn case as legal authority for compelling discovery of Mr. Rosemond's legal fees and expenses in this matter is misplaced. Any award of legal fees and expenses to Mr. Rosemond would be made by the trial judge in the event of entry of judgment for Mr. Rosemond. Under the holding by the Cohn Court, Stop & Shop's motion to compel disclosure of Mr. Rosemond's legal fees and expenses should be denied as any legal fees and expenses would not be damages to be proved at trial, but rather would be awarded by the trial judge after entry of judgment in favor of Mr. Rosemond. Allowing Stop & Shop's motion to compel would conflict with the holding in the Cohn case as well as with all of the other cases cited in this opposition.

In Bower v. Weisman, 1987 WL 13192, 8 Fed. R. Serv. 3d 190 (S.D.N.Y.)(attached hereto for the convenience of the Court), the Court noted that the relevant question in such a motion to compel was whether the issue of attorneys' fees would be submitted to the jury. The plaintiff in Bower asserted that the issue of attorneys' fees should be decided by the judge if the jury found the defendant's actions were willful. The Bower Court noted that "This approach is the same, for instance, as

4

that employed in awarding attorneys fees under 42 U.S.C. § 1988, which explicitly provides that the court may, in its discretion, award 'a reasonable attorney's fee as part of the costs.'" Like Stop & Shop, the defendant in Bower did not urge the Court to submit the question of attorney's fees to the jury or provide any authority suggesting that the law required or authorized the Court to do so. The Bower Court denied the defendant's motion to compel, as neither party sought to present the issue of attorney's fees to the jury and the demand for attorney's fees did not implicate the substantive issues of the case.

In the present action, any attorneys' fee award would be decided, pursuant to Title VII and Mass. Gen. Laws ch. 151B, by the trial judge after the jury has rendered its verdict on the substantive claims of racial discrimination and harassment. Attorney's fee awards under Title VII and Mass. Gen. Laws ch. 151B, unlike other measures of damages, are not elements which must be proved at trial and in fact there is no authority which would permit attorney's fees to be submitted to the jury as an element of damages. Federal Rule of Civil Procedure 54(d)(2)(a) provides in pertinent part:

> Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

Title VII provides the Court with the authority to allow the prevailing party a reasonable attorney's fee as part of the costs. See 42 U.S.C. § 2000e-5(k). Similarly, Mass. Gen. Laws Ch. 151B, §9 provides that the Court "shall award a prevailing plaintiff reasonable attorney's fees and costs unless special circumstances would render the award unjust." As a result, evidence regarding Mr. Rosemond's attorneys' fees and fee arrangements cannot be presented to the jury at trial. Therefore, the claim of Stop & Shop that Mr. Rosemond will be presenting evidence of his legal fees and expenses at trial as an element of damages is unsupported by statute or case law. There is no authority to support Stop & Shop's motion to compel.

5

### III.     Stop & Shop Will Have Ample Opportunity For Discovery After Judgment

In <u>Scutellaro v. Walt Disney Co., Inc.</u>, 1993 WL 393003 (D. Del.)(attached hereto for the convenience of the Court), the defendant sought to compel information from the plaintiff regarding the retention of and fee agreement with plaintiff's counsel. The plaintiff's complaint alleged that the defendant wrongfully misappropriated his business concept. In denying the defendant's motion, the Court noted that "While plaintiff has requested reasonable attorneys' fees, these fees can only be awarded after judgment. Thus, defendants' purported need for information relating to the retention of, and fee arrangement with, plaintiff's counsel is not yet ripe. If defendants win on the merits, the issue will be moot. If defendants lose, there will be ample opportunity for discovery of all matters relating to the claim for attorneys' fees at that time." <u>Id</u> at *1.

Similarly, in the present action, Mr. Rosemond must prevail on at least one of his counts to be entitled to an award of attorney's fees. If Mr. Rosemond does prevail at trial on at least one of his claims, Stop & Shop will have ample opportunity to engage in any necessary discovery regarding the reasonableness of Mr. Rosemond's attorneys' fee request. If Mr. Rosemond does not prevail, his legal expenses and fee agreement will be completely irrelevant. No fee may be awarded for services on an unsuccessful claim. See <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 435 (1983). Therefore, at this stage of litigation, discovery regarding Mr. Rosemond's legal fees and fee agreement is not only unnecessary and irrelevant to the issues to be presented at a trial of this matter, but would also result in unnecessary delay to the proceedings and undue burden and expense to Mr. Rosemond.

### IV.    Conclusion

For the foregoing reasons, Mr. Rosemond respectfully requests that this Court

6

deny Stop & Shop's Motion to Compel, and award Mr. Rosemond his expenses, including attorney's fees, in opposing Stop & Shop's Motion To Compel as Stop & Shop has failed to cite to any authority to support its Motion To Compel.

>Respectfully submitted,
>The Plaintiff, Joseph Rosemond,
>By His Attorney,
>
>*/s/ Tani E. Sapirstein*
>Tani E. Sapirstein, Esq.
>BBO #236850
>SAPIRSTEIN & SAPIRSTEIN, P.C.
>1341 Main Street - 3rd Floor
>Springfield, MA 01103
>Tel:  (413) 827-7500
>Fax:  (413) 827-7797

Date: April 22, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was served upon the following, via first class mail, postage prepaid, to:

>Lisa J. Damon, Esq.
>Seyfarth Shaw LLP
>World Trade Center East
>Two Seaport Lane, Suite 300
>Boston, MA 02210-2028

>*/s/ Tani E. Sapirstein*
>Tani E. Sapirstein

Date: April 22, 2005

K:\WP61\CASEFILE\ROSEMOND\Opposition to Motion to Compel.wpd