## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

JOSEPH ROSEMOND,  )
    Plaintiff  )
      )
      )
v.  )    C.A. No. 04-30072- KPN
      )
STOP AND SHOP SUPERMARKET  )
COMPANY,  )
      )
    Defendant.  )
      )

### DEFENDANT'S MOTION TO SEAL OR IMPOUND CONFIDENTIAL EXHIBITS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant The Stop & Shop Company LLC ("Stop & Shop" or the "Defendant") hereby

moves this Court, pursuant to Local Rule 7.2, to impound confidential investigation notes drafted

by or addressed to Gerald Bidwell, Donald Barsolou, Cindy Flannery and Kathleen Russello, and

associate counseling records of two Stop & Shop employees (collectively the "Confidential

Documents"). Stop & Shop seeks the impoundment of the Confidential Documents until further

order of this Court.

As grounds for this Motion, and as set forth more fully below, Stop & Shop states that:

1.    On October 1, 2004, the parties filed a Joint Motion for Entry of Confidentiality

Agreement ("Joint Motion") and Confidentiality Agreement with the Court providing for

the confidential treatment of certain documents likely to be produced during the

litigation. The Confidential Documents are produced in accordance with the procedures

outlined in the Confidentiality Agreement. The Court granted the parties' Joint Motion

on October 5, 2005. A copy of the parties' Joint Motion and Confidentiality Agreement

are attached hereto as Exhibit A.

2.    The Confidential Documents contain confidential and personal information concerning



Stop & Shop employees who are not party to this litigation. Copies of the sealed

Confidential Documents are attached hereto as Exhibits B-G.

WHEREFORE, Defendant prays that this Court ALLOW the instant Motion and

impound the Confidential Documents attached hereto, until further order of this Court.

THE STOP & SHOP SUPERMARKET
COMPANY LLC

By their attorneys,

Lisa J. Damon (BBO # 558843)
Yvette Politis (BBO # 644986)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
(617) 946-4800

Dated: July 8, 2005

## CERTIFICATE OF SERVICE

I, Yvette Politis, hereby certify that on July 8, 2005, I caused a true copy of the above to be delivered upon Plaintiff's attorney, Tani E. Sapirstein, Sapirstein & Sapirstein, P.C., 1341 Main Street, 3rd Floor, Springfield, MA 01103 by federal express.

Yvette Politis

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**Civil Action No. 04-30072-KPN**

JOSEPH ROSEMOND,                              )
       PLAINTIFF                          )
                                  )
                                  )
v.                                            )
                                  )
STOP AND SHOP SUPERMARKET                     )
COMPANY,                                      )
       DEFENDANT                          )
_____         )

### MOTION FOR ENTRY OF CONFIDENTIALITY AGREEMENT

Now come the parties to the above-captioned matter, through counsel, and hereby move this honorable Court to enter the Confidentiality Agreement attached hereto as an order in this matter.

Respectfully submitted,

THE PLAINTIFF,                          THE DEFENDANT,
Joseph Rosemond,                        Stop & Shop Supermarket
By His Attorney                         Company, LLC,
                                        By Its Attorney


By:  _Tani C. Sapirstein_               By:  _Yvette Politis (TES)_
Tani E. Sapirstein                      Lisa J. Damon
BBO 236850                              BBO# 558843
Sapirstein & Sapirstein, P.C.           Yvette Politis
1341 Main Street – 3rd Floor            BBO# 644986
Springfield, MA 01103                   Seyfarth Shaw LLP
Phone: (413) 827-7500                   World Trade Center East
Fax: (413) 827-7797                     Two Seaport Lane, Suite 300
                                        Boston, MA 02210-2028
                                        Phone: (617) 946-4800

Dated: October 1, 2004

K:\WP61\CASEFILE\ROSEMOND\motion for conf. agmt.wpd

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following via first class mail, postage prepaid to :

Yvette Politis, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028


Tani E. Sapirstein

Date:  October 1, 2004

K:\WP61\CASEFILE\ROSEMOND\Cert. of service.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|                                              |     |                           |
|----------------------------------------------|-----|---------------------------|
| JOSEPH ROSEMOND,                             | )   |                           |
|     Plaintiff,           | )   |                           |
| v.                                           | )   | C.A. No. 04-30072-KPN     |
|                                              | )   |                           |
| STOP & SHOP SUPERMARKET                      | )   |                           |
| COMPANY LLC,                                 | )   |                           |
|     Defendant.           | )   |                           |

## CONFIDENTIALITY AGREEMENT

WHEREAS discovery has begun in this action and the parties are seeking and/or may in the future seek documents, testimony or information which may be considered proprietary or confidential by the parties requested to produce same; and

WHEREAS the signatories hereto wish to protect such proprietary or confidential documents, testimony or information from unauthorized and unnecessary disclosure;

IT IS THEREFORE AGREED by and between the undersigned attorneys for the parties that the following procedures designed to assure protection of proprietary or confidential documents, testimony or information during these proceedings shall govern any discovery that results in the production of such documents, testimony or information:

1.    Any party may mark or designate as "CONFIDENTIAL" all or any portion of any document delivered to any party in response to a request for production of documents or interrogatories, which any party believes contains or comprises confidential personal, business or financial information of that party, whether or not the party was the source of the information.

2.    Any party may mark or designate as "CONFIDENTIAL" any document or information, including without limitation information given orally, produced at any deposition taken in this action and those portions of the transcripts of any deposition taken in this action containing confidential or proprietary information.

3.    Whenever a non-party elects or is required to produce documents in the course of discovery, whether in response to a subpoena or otherwise, those documents may be designated

as "CONFIDENTIAL" by any party, in writing, at the time that they are produced by the non-party, and all copies of the documents so designated that are delivered to the requesting party, shall be stamped or copied with the designation "CONFIDENTIAL" on them.

4.      All documents or other materials which are designated "CONFIDENTIAL" and delivered to counsel of record for the requesting party by any party producing information in response to discovery requests in this action, shall be retained in the offices of counsel of record for the requesting party and shall not be made public by the receiving party or disclosed to anyone in any manner or form, either directly or indirectly, in substance or otherwise, except as permitted by this Agreement.

5.      The term "counsel of record" as used herein means the individual attorneys who have filed appearances in this action and other members of their respective firms, attorneys associated with or of counsel to those firms, and legal assistants and other employees or independent contractors of those firms.

6.      Any party obtaining discovery in this action shall disclose information obtained in discovery that is required to be treated as "CONFIDENTIAL" under the terms of this Agreement only to the following persons (designated herein as "Permitted Recipients"):

   a.      Counsel of record for any party;

   b.      Named parties to the action;

   c.      Independent experts, consultants and advisors employed or retained by counsel for the parties to perform investigative work, research, analysis or other services related to the prosecution or defense of this action and employees of such experts, consultants and advisors; and

   d.      Deposition reporters and their employees.

7.      All "CONFIDENTIAL" information obtained through discovery in this action shall be treated as "CONFIDENTIAL" by counsel for the parties and any other person obtaining such information under the terms of this Agreement. Prior to disclosure of any "CONFIDENTIAL" information to any of the individuals described in paragraph 6(c) of this

Agreement, each individual shall have first agreed to comply with the terms of this Agreement by dating and signing an acknowledgment in the following form, with a copy of this Agreement attached thereto:

> I, [Name], [position or employment] hereby acknowledge that I am about to receive "CONFIDENTIAL" information protected by the Confidentiality Agreement executed by the parties in the action entitled Joseph Rosemond v. The Stop & Shop Supermarket Company, Civil Action No. 04-30072-KPN, a copy of which is annexed hereto. I certify that I have been given a copy of and have read the attached Agreement, that I am familiar with and understand the terms of the Agreement, and that I agree to be bound by those terms of the Agreement. I understand that such "CONFIDENTIAL" information may not be copied, excerpted, summarized or disclosed to any person except as permitted by the Agreement.

8.    In addition, prior to the disclosure in any manner or form, either directly or indirectly, in substance or otherwise, of any "CONFIDENTIAL" information as permitted by this Agreement, counsel of record shall instruct each individual to whom such information is being disclosed that the information may not be disclosed in any manner or form, either directly or indirectly, in substance or otherwise, to other persons; that the information may not be copied and must remain in the person's custody until returned to counsel of record for the requesting party; that the information is being disclosed pursuant and subject to the terms of this Agreement; that the person must not use the information or the contents thereof except for the purposes of this action; and that all information (including but not limited to any expert summaries or copies thereof) must be returned to counsel of record for the requesting party upon completion of its use by said person.

9.    Any party to this action who is served by a non-party with a subpoena or other process requiring the production of any "CONFIDENTIAL" information or materials shall immediately by telephone and also in writing (including a copy of a subpoena or other process) give notice to the party who originally produced the information. The party served with such a subpoena or other process shall not make production before required or otherwise interfere with the opportunity of the other party to be heard on an application for protective order against the

production. However, nothing contained herein is meant to interfere with the lawful subpoena process, or the obligation and duties of the party who is served with the subpoena or other process.

10.	Any party to this action may by written notice to the producing party challenge the propriety of a "CONFIDENTIAL" designation made pursuant to this Agreement. Within fourteen (14) days from the receipt of the producing party's written notice of designation, a party may challenge the designation by serving a written objection thereto on the producing party. Thereafter, within fourteen (14) calendar days of receipt by the producing party of the written objection, the producing party may serve upon the party challenging the designation a motion, intended to preserve the designation. If no motion is served within this time frame by the producing party, then the designation which was challenged and the documents and/or information will not be treated as "CONFIDENTIAL." If a producing party serves such a motion disputing the challenge to the designation of the documents or information, the burden shall be upon the producing party to demonstrate that under applicable legal standards the information in question is sufficiently sensitive to warrant "CONFIDENTIAL" treatment under the provision of this Agreement. If the producing party does file a timely motion pursuant to this paragraph, all information sought to be designated as "CONFIDENTIAL," but challenged, shall be treated as "CONFIDENTIAL" pursuant to this Agreement and no disclosure thereof shall be made except as permitted by this Agreement, unless and until the court has resolved the dispute by authorizing further disclosure.

11. Nothing herein shall be construed as limiting the use or disclosure of "Confidential" documents or other information in any trial or appeal of the Action, or in connection with any motions, including hearings on such motions. However, each party shall have the right to request that any such hearing or portion thereof be conducted *in camera*. "Confidential" documents and other information shall not be filed with the Court or included, in whole or in part, in pleadings, motions or briefs, except in sealed envelopes prominently marked with the caption of the case and the notation:

**"CONTAINS CONFIDENTIAL INFORMATION SUBJECT**

**TO CONFIDENTIALITY AGREEMENT, TO BE OPENED ONLY**

**BY OR AS DIRECTED BY THE COURT"**

12.     The termination of the proceedings in this action shall not relieve any party to

whom "CONFIDENTIAL" information has been disclosed from the obligations of the

Confidentiality Agreement. Within six (6) weeks after the termination of this action, including all

appeals thereof, counsel of record may request the return of any and all "CONFIDENTIAL"

information that its client has produced during the course of this action from the requesting party,

together with all copies thereof, except that counsel for either party may elect to destroy

documents designated "CONFIDENTIAL" within their possession by shredding them rather than

returning them to the party who produced them.

13.     Nothing contained in this Agreement shall be deemed as a modification or

expansion of the scope of the rules of procedure and evidence with respect to the discoverability

and/or admissibility of any document or other information or materials produced during the

course of this action.

14.     This Confidentiality Agreement may be amended without leave of the court by

the agreement of the attorneys for the parties in the form of a stipulation which shall be filed in

this action.

15.     This Confidentiality Agreement shall not apply to information which is already

in the possession or knowledge of the parties, or is independently developed or acquired by the

parties, obtained from an independent source, or is public knowledge. Moreover, the restrictions

of this Confidentiality Agreement shall cease to apply to information which, after disclosure,

becomes public knowledge other than by act or omission of any Permitted Recipient in

contravention of this Confidentiality Agreement.

16.    Assent to the foregoing Confidentiality Agreement hereby given by the parties by and

through their attorneys.


**JOSEPH ROSEMOND**

By his attorney,



_Tani C. Sapirstein_
Tani E. Sapirstein (BBO # 236850)
Sapirstein & Sapirstein, P.C.
1341 Main Street
Third Floor
Springfield, MA 01103
(413) 827-7500



DATED: 9/30/04

**STOP & SHOP SUPERMARKET COMPANY**

By its attorneys,



_Yvette Politis_
Lisa J. Damon (BBO # 558843)
Yvette Politis (BBO # 644986)
Seyfarth Shaw LLP
WORLD TRADE CENTER EAST
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
(617) 946-4800



DATED: 9/22/04

BO1 15666123.1