UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30072-MAP

JOSEPH ROSEMOND,            )
    Plaintiff            )
                            )
v.                          )
                            )
STOP AND SHOP SUPERMARKET   )
COMPANY,                    )
    Defendant            )
                            )
_____)


**PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION
WITH REGARD TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    Now comes Joseph Rosemond, the Plaintiff in the above captioned matter, (hereinafter "Plaintiff"), and pursuant to Rule 3(b) of the Rules for United States Magistrates Judges in the United States District Court for the District of Massachusetts (hereinafter "Rule 3(b)") and Rule 72(b) of the Federal Rules of Civil Procedure hereby objects to that portion of the Report and Recommendation with regard to Defendant's Motion for Summary Judgment ("Report") that prohibits the trial of the issue of strict supervisory liability and limits any trial in this matter to liability based on co-worker harassment.  The Plaintiff specifically objects to the Court's conclusion that "Defendant may not be held *per se* liable under chapter 151B for any harassment which may have been created by Kaletta, notwithstanding the fact that he may have possessed some supervisory powers in other contexts." (Report p. 21) The basis for this objection is as follows:

    In <u>College-Town, Division of Interco, Inc. v. Massachusetts Commission Against Discrimination</u>, 400 Mass. 156, 165, 508 N.E. 2d 587 (1987), the Supreme Judicial

1

Court noted that the legislature intended that General Laws c. 151B be construed liberally for the accomplishment of its purpose. In holding the employer strictly liable for sexual harassment of a subordinate employee by a supervisor, the Supreme Judicial Court stated "[w]e see no reason why an employer should be liable for a supervisor who fails to remedy or report coworker harassment, but not for the supervisor's own harassment of supervisors." Id at 167. Thus the Supreme Judicial Court has implied that an employer should be held strictly liable if a supervisor fails to remedy or report coworker harassment. That is precisely what occurred in the instant case.

There is no dispute that Stanley Kaletta ("Kaletta"), the meat department manager and the supervisor of Charles Ingalls ("Ingalls") and Jeramie Rankin ("Rankin") was present when the noose was hung by Ingalls and Rankin. There is some evidence that Kaletta may have even more actively participated in the hanging of the noose. There is also no dispute that Kaletta did not discipline or reprimand Rankin or Ingalls, indicate that hanging the noose was inappropriate, take down the noose, or report the incident to upper management. (Report, pp. 7-8). The supervisor of the perpetrators observed the inappropriate conduct, may have participated in such conduct and more importantly failed to remedy or report the coworker harassment. While Kaletta was given a written warning by the defendant, Stop and Shop Supermarket Company (the "Defendant"), for failing to address the situation and report it to upper management, the Defendant will not be held strictly liable for Kaletta's conduct based on the Report. Kaletta's failure to remedy or report the harassment is precisely the type of conduct for which the Defendant should be held strictly liable under the College-Town decision. The refusal to hold an employer strictly liable for a supervisor's failure to remedy or report coworker harassment frustrates the purpose of General Law ch. 151B:  the eradication of discrimination in the workplace. Of primary importance in holding the Defendant strictly liable for Kaletta's failure to remedy or report the hanging of a noose in Plaintiff's office by Kaletta's subordinate employees is Kaletta's role as Ingalls and Rankin's supervisor. It is not the position of the Plaintiff that Kaletta's role as a supervisor should result in liability *per se* of the Defendant, rather it is Kaletta's role as

the supervisor of the perpetrators <u>and</u> his failure to remedy and report the conduct that should result in the strict liability of the Defendant. This holding would not constitute a stretch of existing Massachusetts law but rather would be consistent with the language of the <u>College-Town</u> Court.

Massachusetts courts and administrative agencies have interpreted the definition of "supervisor" in a more expansive way under General Laws ch. 151B than have federal courts under Title VII. For example in <u>Aldridge v. Thomas O'Connor Constructors, Inc.</u>, 2004 WL 1237353 (2004), a copy of which is attached hereto for the convenience of the Court, the Massachusetts Commission Against Discrimination (the "Commission") concluded that the Respondent was not the joint employer of the Complainant. Nevertheless the Commission held the Respondent strictly liable for the conduct of one of its supervisors for engaging in racially harassing conduct. The basis for this holding was the holding in <u>College-Town, Division of Interco, Inc. v. MCAD</u>, 400 Mass. 156, 164-166 (1987) which holds an employer strictly liable for the acts of its supervisory personnel.

The Report states that the position of the Plaintiff, which the Court interprets as imposing strict liability upon an employer for the conduct of any supervisory employee, was explicitly rejected in <u>Saad v. Stanley Street Treatment and Resources, Inc.</u>, Civil Action No. 92-11434DPW, 1994 WL 846911 (D. Mass. May 20, 1994). This is not an accurate portrayal of the position of the Plaintiff. The Plaintiff is not urging the imposition of strict liability for the conduct of any supervisory employee, rather consistent with the dicta in <u>College-Town</u>, the Plaintiff is urging that an employer be held strictly liable for the failure of a supervisor to remedy and report harassing conduct engaged in by the supervisor's subordinate employees and witnessed by the supervisor. In the <u>Saad</u> case, the plaintiff alleged that she was sexually harassed by a coworker, who had some supervisory duties, but did not exercise any supervisory authority over the plaintiff. The <u>Saad</u> court rejected the argument that an employer is *per se* liable for the acts of supervisory employees who are not acting in their

supervisory role when dealing with another employee. The facts in the Saad case are easily distinguishable from the facts in the instant case. The specific facts in this case which are: Kaletta was the supervisor of the perpetrators, Kaletta observed the inappropriate conduct of Ingalls and Rankin, and Kaletta failed to remedy and report the inappropriate conduct, support a finding that the Defendant should be held strictly liable for the conduct of Kaletta in light of the language in College-Town.

In Morehouse v. Berkshire Gas Co., 989 F. Supp. 54 (D. Mass. 1997), this Court held the defendant strictly liable for harassment of a rank and file employee by supervisory personnel who did not have direct supervisory authority over the plaintiff. This Court cited to College-Town, Division of Interco, Inc. v. Massachusetts Comm'n Against Discrimination, 400 Mass. 156, 165, 508 N.E. 2d 587 (1987) for the conclusion that the Massachusetts Legislature "intended that an employer be liable for discrimination committed by those on whom it confers authority." Id at 64. This Court further noted that "chapter 151B does not require that a supervisor must actually be in the course of exercising his or her authority over a direct subordinate in order to hold the employer liable for that supervisor's harassment of the subordinate employee. See, e.g. Messina, 906 F. Supp. at 37; Johnson v. Plastic Packaging Inc., 892 F. Supp. 25, 29-30 (D. Mass. 1995)."

Although in the instant case, Kaletta did not have any supervisory authority over the Plaintiff, he was the supervisor of the perpetrators of the racial harassment, observed the conduct, and failed to take any steps of remediation. This is precisely the type of fact pattern which supports strict liability of an employer.[1]

The Plaintiff does not object to the Report because he believes that employers should be held strictly liable for the illegal conduct of any supervisory employee. Rather the Plaintiff objects to the Report because employers should be held strictly liable for

---

[1] Kaletta was disciplined by the Defendant for failing to report the hanging of the noose to management.

the failure of supervisory employees to remedy and report illegal conduct which they observe and for the failure of supervisory employees to discipline their subordinate employees who engage in discriminatory conduct. The liberal interpretation of Chapter 151B and case law support this conclusion.

     WHEREFORE, Joseph Rosemond, the Plaintiff in the above captioned matter, respectfully requests that this Court reverse that portion of the Report and Recommendation with Regard to Defendant's Motion for Summary Judgment that limits any trial in this matter to liability based on co-worker harassment and allow this matter to proceed to trial on liability based on co-worker harassment and strict liability based on the conduct of the supervisor.

                                                Respectfully submitted,

                                                Plaintiff, Joseph Rosemond,
                                                By His Attorney,

                                                  /s/   Tani E. Sapirstein
                                              Tani E. Sapirstein
                                              BBO #236850
                                              Carly L. Massy
                                              BBO #652679
                                              SAPIRSTEIN & SAPIRSTEIN, P.C.
                                              1341 Main Street - 3rd Floor
                                              Springfield, MA 01103
                                              Tel:   (413) 827-7500
                                              Fax:   (413) 827-7797

Date: March 30, 2006

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above document was served upon the following, via first class mail, postage prepaid, to:

        Lisa J. Damon, Esq.
        Yvette Politis, Esq.
        Seyfarth Shaw LLP
        World Trade Center East
        Two Seaport Lane, Suite 300
        Boston, MA 02210-2028

                                                          /s/ Tani E. Sapirstein
                                                          Tani E. Sapirstein

Date:  March 30, 2006

K:\WP61\CASEFILE\ROSEMOND\Pl Objection to Report.wpd