UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOSEPH ROSEMOND,
    Plaintiff,

v.

STOP AND SHOP SUPERMARKET
COMPANY, LLC
    Defendant.

C.A. No. 04-30072-KPN

## AFFIDAVIT OF KENNETH BURROUGHS

I, Kenneth Burroughs, being duly sworn, do hereby depose and state as follows:

1. I am over the age of 18 and understand the obligations of an oath. I make this affidavit based on my own personal knowledge.

2. I am currently employed by Stop & Shop Supermarket Company, LLC ("Stop & Shop") as District Manager. In that capacity, between April 11 and April 13, 2006, I participated in an investigation at Stop & Shop's Store 94, located in West Springfield, Massachusetts. In particular, three stick figures made of red and green twist ties were found in two locations in the store. In the course of our investigation, I learned the facts recounted below.

3. Stop & Shop initiated this investigation because on Monday, April 10, 2006, General Merchandise clerk Luis Cordero pointed out to General Merchandise Manager Harry Mangerian, a non-exempt union employee, that two small stick figures made out of twist ties were hanging in the General Merchandise office located at the back of the store.

4. Mangerian initially threw away the stick figures but later reported them to Store Manager Paul Thibault and gave him the figures.

5. On Saturday Grocery Manager Mike Kokosa, had seen a similar stick figure made from twist ties attached to a potato chip rack by a twist tie and had also mentioned it to Thibault.

6. Thibault reported the discovery of the stick figures to his District Manager, myself, Kenneth Burroughs, who in turn notified Stop & Shop's HR Bob Spinella. Concerned that the stick figures might have some significance, Bob Spinella decided to conduct an investigation.

7. The Loss Prevention Department was contacted and associate Mike Panico was directed by his manager to review the store's videotapes of the relevant area for Saturday, April 8 through Monday April 10. Based on who Panico observed on the videotapes, we conducted interviews.

8. In total, Julia Clarke, Human Resources Manager, and I interviewed ten individuals, including Plaintiff Joe Rosemond who was responsible for closing the store on Saturday night. We asked everyone interviewed whether they had seen the stick figures or knew who had hung them. No one who we interviewed knew who placed the figures or had any idea why they were hung. In addition, we asked about the general atmosphere in the store and whether any incidents had occurred that were concerning. No one expressed concern about the atmosphere in the store or complained of any inappropriate conduct.

9. Rosemond told us that he was unaware of the stick figures until we told him about them and had no idea who might have placed them around the store. Further, he told us that he was not aware of any issues or problems in the store.

10. Ultimately, because there did not appear to be any significance to the stick figures and there was no evidence of problematic conduct or a troubling atmosphere at the store, we took no further action.

Signed under the pains and penalties of perjury this 19th day of May, 2006.

_____
Kenneth Burroughs