UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30072-MAP

JOSEPH ROSEMOND            )
    Plaintiff          )
                       )
v.                         )
                       )
STOP AND SHOP SUPERMARKET  )
COMPANY,                   )
    Defendant          )

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO AMEND COMPLAINT (SECOND)

## PROCEDURAL HISTORY

Joseph Rosemond, the Plaintiff in the above captioned matter, ("Rosemond") filed his Complaint in U.S. District Court, District of Massachusetts in April, 2004. The Complaint alleged discrimination and harassment based on race in violation of federal and state law.

In November, 2004, Rosemond amended his complaint to correct certain typographical errors. Rosemond now seeks to amend his complaint to include claims for retaliation. The events underlying Rosemond's claims for retaliation occurred in April and May, 2006.

1

**FACTUAL BACKGROUND**

Rosemond has been an employee of the Defendant, Stop and Shop Supermarket, Company ("Defendant") since 1994. In December, 2003, three employees participated in hanging a noose in Rosemond's office. When Rosemond, an African American, discovered the noose, he was quite upset. The Defendant investigated the incident and determined that two (2) employees hung the noose and that the supervisor of the employees observed the noose. There is some evidence that the supervisor may have also participated in hanging the noose. The employees who actually hung the noose were suspended for two (2) weeks. The supervisor received a written warning for failing to address the matter and for failing to report it to upper management.

In April, 2006, the Defendant initiated an investigation into Rosemond's interactions with one of his female subordinate employees. The investigation was initiated by another subordinate employee who apparently was circulating rumors about Rosemond having an inappropriate relationship with the female employee. At the conclusion of the investigation, Rosemond was transferred to another store and received a <u>final</u> written warning. Rosemond had not received any progressive discipline prior to filing this lawsuit.

**LEGAL ARGUMENT**

In order to sustain his burden of proof for a prima facie case of retaliation, Rosemond must introduce sufficient evidence of the following: (1) that he engaged in a protected activity; (2) that he suffered some adverse conduct; and (3) that a causal connection existed between the protected conduct and the adverse action. <u>Mole v. University of Massachusetts</u>, 442 Mass. 582, 591-592 (2004) citing to <u>Mesnick v. General Elec. Co.</u>, 950 F.2d 816, 827 (1st Cir. 1991). Rosemond has clearly satisfied that burden. Prior to the filing of his discrimination complaint, Rosemond had not been subjected to any progressive discipline in his ten (10) years of employment with the Defendant. Within

two (2) years of initiating this cause of action, the Defendant issued a <u>final</u> written warning to Rosemond for allegedly engaging in inappropriate conduct.[1] The investigation was initiated by a rumor circulated by a subordinate employee about an inappropriate relationship between Rosemond and another employee. The employee with whom Rosemond was purportedly having an inappropriate relationship never complained. An inference of retaliatory conduct can be made if adverse action is taken against a satisfactorily performing employee in the immediate aftermath of the employer's becoming aware of the employee's protected activity. <u>Id</u> at 592. In the instant case, the Defendant issued a final written warning to a twelve year employee who had previously consistently performed satisfactorily.

It is well settled law in Massachusetts that plaintiffs are not required to file a charge of discrimination alleging retaliation with the Massachusetts Commission Against Discrimination ("MCAD") for claims of retaliation following an initial MCAD filing alleging discrimination. <u>Cuddyer v. The Stop & Shop Supermarket Co.</u>, 434 Mass. 521 (2001) fn.8 citations omitted.

WHEREFORE, the Plaintiff, Joseph Rosemond, hereby moves for leave to amend his Complaint to include claims of retaliation.

---

[1] Rosemond was on leave of absence from December, 2003 to July, 2004 as a direct result of the noose incident. Thus the investigation and discipline occurred within one (1) year of Rosemond's returning to work.

3

Respectfully submitted,
Plaintiff, Joseph Rosemond,
By His Attorney,


  /s/ Tani E. Sapirstein
Tani E. Sapirstein
BBO #236850
SAPIRSTEIN & SAPIRSTEIN, P.C.
1341 Main Street - 3rd Floor
Springfield, MA 01103
Tel:   (413)  827-7500
Fax:  (413)  827-7797

Dated: May 25, 2006


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following via first class mail, postage prepaid to:

Lisa J. Damon, Esq.
Brigitte Duffy, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028


  /s/  Tani E. Sapirstein
Tani E. Sapirstein

Dated: May 25, 2006

K:\CASEFILE\ROSEMOND\Memo - Amended Compl.wpd