UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30072-MAP

| | |
|---|---|
| **JOSEPH ROSEMOND** )<br>      Plaintiff ) <br>  ) <br> **v.** ) <br>  ) <br> **STOP AND SHOP SUPERMARKET** ) <br> **COMPANY,** ) <br>      Defendant ) <br>  ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S
### MOTION TO STRIKE AFFIDAVIT

Pursuant to Local Rule 7.1(B)(2), the Plaintiff, Joseph Rosemond ("Plaintiff" or "Mr. Rosemond") hereby opposes the Motion to Strike Affidavit or in the Alternative to File Responding Affidavit of the Defendant, Stop and Shop Supermarket Company ("Defendant").[1]

### Background

On March 22, 2006, the Magistrate Judge (Neiman, J.), issued the Report and Recommendation with regard to Defendant's Motion for Summary Judgment ("Report"). On April 17, 2006, the Defendant filed its objections to the Report ("Defendant's Objections"). The Defendant argued that "the Report failed to acknowledge the most relevant evidence - the absence of either a history of prior racial harassment or further instances of harassing conduct. . . ." See Defendant's Objections, p. 7. Defendant

---

[1] Mr. Rosemond does not oppose the Defendant's submission of the Affidavit of Kenneth Burroughs. Mr. Rosemond does, however, dispute Mr. Burroughs' characterizations of Mr. Rosemond's statements regarding problems and issues at the store and Mr. Burroughs' evasive description in his Affidavit of the hangman figures which purposefully excludes any reference to the fact that the figures appeared to be hung by the neck from gallows. Mr. Burroughs' Affidavit merely introduces additional disputed facts which make this case particularly unsuitable for disposition at summary judgment.

1

cited several cases, including Saad v. Stanley Street Treatment and Resources, Inc., 1994 U.S. Dist. LEXIS 20728, 1994 WL 846911(D. Mass. May 20, 1994) and Ellison v. Brady, 924 F.2d 872 (9th Cir. 1991), for the proposition that the reasonableness and effectiveness of remedial action could be measured by determining whether it stopped the harassment and persuaded others to refrain from similar misconduct.  See Defendant's Objections, pp. 7-9.

On or around April 11, 2006, Defendant initiated an investigation into an incident which took place at Mr. Rosemond's store.  See Affidavit of Kenneth Burroughs, ¶¶ 2-3. Kenneth Burroughs, a District Manager for Defendant, and Julia Clarke, a Human Resources Manager, conducted interviews of ten (10) individuals, including Mr. Rosemond, regarding the incident.  See Affidavit of Kenneth Burroughs, ¶ 8; Affidavit of Joseph Rosemond, ¶ 1.  During the interview of Mr. Rosemond, Mr. Burroughs and Ms. Clarke informed Mr. Rosemond that several "hangman" figures, made from plastic twist ties were found hanging in various areas in his store.  See Affidavit of Joseph Rosemond, ¶ 2-4; Second Affidavit of Joseph Rosemond, ¶ 2.  Mr. Burroughs and Ms. Clarke specifically indicated that these hangman figures appeared to be hung by the neck from gallows.  See Second Affidavit of  Joseph Rosemond, ¶ 3.[2]  Following the investigation of this incident, the Defendant did not take any remedial or preventative action.  See Affidavit of Kenneth Burroughs, ¶ 10.

On April 26, 2006, as part of his Opposition to Defendant's Objections, Mr. Rosemond submitted an affidavit regarding the information he had recently learned through Mr. Burroughs and Ms. Clarke.

In May of 2006, Mr. Rosemond was transferred and given a final warning.

---

[2]  Contrary to Mr. Burroughs assertions, Mr. Rosemond did not tell Mr. Burroughs and Ms. Clarke that he did not think there were any problems or issues in the store.  See Second Affidavit of  Joseph Rosemond, ¶ 4.

Second Affidavit of Joseph Rosemond, ¶ 6. Prior to filing his complaint in this matter, Mr. Rosemond had never been subjected to any disciplinary action in over ten years of employment with the Defendant.  Second Affidavit of Joseph Rosemond, ¶ 7. The disciplinary action was allegedly taken because Mr. Rosemond spoke to a Caucasian female subordinate in his office without a witness and confronted a male subordinate after learning that he was spreading the rumor that Mr. Rosemond and the female subordinate had an inappropriate relationship.  Second Affidavit of Joseph Rosemond, ¶¶ 8-9.

## Argument

### I. Affidavit was Based on Personal Knowledge and Admissions of the Defendant

Defendant argues that Mr. Rosemond's affidavit should be stricken because he cannot establish that "he saw the figures hanging, how many of them were hung or where they were hung." See Defendant's Motion to Strike, p. 3.  However, Mr. Rosemond's affidavit is based on his personal knowledge of statements made by Mr. Burroughs, a District Manager for Defendant, and Ms. Clarke, a Human Resources Manager, regarding an incident they were investigating as part of their duties and responsibilities for the Defendant.  Such statements qualify as non-hearsay admissions under "Fed. R. Evid. 801(d)(2)(D), which excludes from the hearsay rule statements offered against a party and made 'by the party's agent or servant concerning a matter within the scope of the agency or employment, . . . during the existence of the relationship.'" Larch v. Mansfield Mun. Electric Department, 272 F.3d 63, 72 (1st Cir. 2001).  Thus, Mr. Burroughs' and Mr. Clarke's statements may be admitted as evidence against the Defendant at any trial of this matter.

Additionally, Mr. Rosemond's personal knowledge is sufficient to allow him to proffer the evidence of these statements through his affidavit in opposition to a motion for summary judgment.  See McMellon v. Safeway Stores, Inc., 945 F. Supp. 1402,

1407 (D. Ore. 1996); Pender v. U.S., 866 F. Supp. 1129, 1134-1135 (N.D. Id. 1994); Thorell v. ADAP, Inc., 58 Mass. App. Ct. 334, 338-341, 789 N.E.2d 1086, 1090-1092 (2003).  Because Mr. Rosmeond's affidavit was based on his personal knowledge of the admissible, non-hearsay admissions of the Defendant, it should not be stricken.

## II. Hangman Incident is Relevant to Defendant's Argument in Support of Its Motion for Summary Judgment

The Defendant also claims that the incident at issue in Mr. Rosemond's affidavit is not relevant to the present action.  However, the Defendant has specifically asserted that its response to the noose incident should be considered to be sufficient because no similar incidents of misconduct occurred subsequently.  The statements by Mr. Burroughs and Ms. Clarke contradict this assertion.  Their statements are evidence that a similar incident did occur in Mr. Rosemond's new store.  The incident described by Mr. Burroughs and Ms. Clarke, like the noose incident, involved the anonymous display of a symbol which represent the use of a noose to kill a person.  From this evidence, a reasonable jury could conclude that the Defendant's response to the noose incident was not sufficient to persuade other employees to refrain from similar misconduct.

Furthermore, both the First Circuit and the Massachusetts Appeals Court have held that evidence of other incidents of harassment or discrimination may be relevant, even though they do not precisely coincide with the plaintiff's claims.  See Conway v. Electro Switch Corp., 825 F.2d 593, 597-98 (1st Cir. 1987); Brennan v. GTE Government Systems Corp., 150 F.3d 21, 28 (1st Cir. 1998)("While proof of a general atmosphere of discrimination is not the equivalent of proof of discrimination against an individual, it "may add 'color' to an employer's decision-making process."); Cummings v. Standard Register Co., 265 F.3d 56, 63 (1st Cir.2001)(approving the admission of evidence regarding other discrimination, despite the fact that those claims dealt with "different time periods, different supervisors, and different areas of the company."); Clifton v. Massachusetts Bay Transportation Authority, 62 Mass. App. Ct. 164, 170

(2004)(holding that evidence of prior discrimination against a co-worker for which the employer failed to take any disciplinary action was properly admitted as evidence of the discriminatory environment to which the plaintiff was subjected.).  Therefore, the incident described to Mr. Rosemond by Mr. Burroughs and Ms. Clarke is relevant evidence of "the overall environment" which Mr. Rosemond is portraying.

## Conclusion

WHEREFORE, the Plaintiff, Joseph Rosemond, respectfully requests that the Defendant's Motion to Strike Mr. Rosemond's Affidavit be denied.

Respectfully submitted,
Plaintiff, Joseph Rosemond,
By His Attorney,

   /s/ Tani E. Sapirstein
Tani E. Sapirstein
BBO #236850
SAPIRSTEIN & SAPIRSTEIN, P.C.
1341 Main Street - 3rd Floor
Springfield, MA 01103
Tel:   (413) 827-7500

Dated: June 2, 2006                    Fax:   (413) 827-7797

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon the following via first class mail, postage prepaid to:

Lisa J. Damon, Esq.
Brigitte Duffy, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028

                                        /s/ Tani E. Sapirstein
                                        Tani E. Sapirstein

Dated: June 2, 2006

K:\CASEFILE\ROSEMOND\oppos mot to strike.wpd

6