UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH ROSEMOND,<br>      Plaintiff,<br>v.<br><br>STOP AND SHOP SUPERMARKET<br>COMPANY, LLC<br>      Defendant. | C.A. No. 04-30072-KPN |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND

### Preliminary Statement

On April 4, 2004, Plaintiff Joseph Rosemond ("Plaintiff" or "Rosemond") commenced this action asserting claims for racial harassment under state and federal law based on a single incident that occurred on December 10, 2003, in the store at which he worked for Defendant Stop & Shop Supermarket Company ("Stop & Shop").  Incredibly, more than two and a half years after he first complained of the incident and more than two years after he filed this lawsuit, Plaintiff now claims that Stop & Shop retaliated against him by recently imposing legitimate discipline on him in the face of clear and uncontroverted evidence that he not only behaved inappropriately toward two subordinate employees, but gave misleading and false information to the Stop & Shop personnel charged with investigating a complaint into his conduct.  Because Rosemond cannot establish a prima facie claim of retaliation, amending the complaint would be futile and, accordingly, his motion should be denied.

### Factual Background

Plaintiff's racial harassment claim focuses on a single incident that occurred in Store 36 in December 10, 2003.  (Second Amended Complaint, ¶¶ 22-27.)   Almost immediately, he filed a charge of discrimination on December 16, 2003.  *Id.*, ¶ 5.  In April 2004, he filed this action.

BO1 15783101.1

Plaintiff was out of work on a medical leave from December 2003 until July 2004, but after returning, worked for almost two years without experiencing any alleged retaliation. *Id.*, ¶¶ 48-58. According to Plaintiff, Stop & Shop suddenly decided to retaliate against him, when, on May 22, 2006, he received a final warning. *Id.*, ¶¶ 48-57.

In his Second Amended Complaint, Rosemond misleadingly suggests that Stop & Shop decided to investigate him because an associate spread rumors about him having an inappropriate relationship with a subordinate, cashier Jessica Fisher, and fails to address fully the issues that led to his discipline. *Id, ¶* 52. As Rosemond is fully aware, a more complete summary of the facts underlying his discipline reveals that Stop & Shop's investigation of his conduct had a good faith basis and the warning imposed was based solely on his misconduct, not on the fact that he lodged an complaint of harassment almost two and half years earlier. In particular, Rosemond's failure to fully cooperate in the investigation by being up front and honest, caused the investigators to conduct two interviews with him and three with Fisher.

In April 2006, a young Stop & Shop associate named John Young complained to the Company's management that Rosemond had threatened him. Young, whose parents encouraged him to report the incident, reported that Rosemond had summoned him to his office for a meeting and accused Young of spreading rumors that Rosemond and Fisher were involved in a relationship. (Copy of the Final Warning issued to Joseph Rosemond, attached hereto as Exhibit 1.[1]) (Rosemond had previously been instructed not to hold one on one meetings with associates behind closed doors. *Id.*) Young denied Rosemond's accusation but felt threatened because

---

[1] Exhibit 1 was generated from an electronic document that automatically updates the document's date. For that reason, the date on Exhibit 1 is different than the date on the copy Rosemond received.

Rosemond told him, "[t]rust me, if it were true, you would not want to see the mean side of Joe Rosemond." *Id.*

In the course of investigating Young's allegations, Julie Pinard, with assistance from Ken Burroughs, interviewed multiple Stop & Shop associates including Rosemond and Fisher. In their first meeting with Rosemond, he admitted that he had confronted Young with the allegation behind closed doors in his office. *Id.* He stated that he was "pissed" and Young knew it. Further, he conceded that he told Young, "there is a Joe Rosemond that you don't want to see." *Id.* Rosemond generally denied having more than passing and innocent contact with Fisher outside of work. *Id.* Burroughs and Pinard instructed Rosemond not to discuss their conversation with him. *Id.* After conducting further interviews, it became clear to Pinard and Burroughs that Rosemond had not been completely forthcoming with them about his contact with Fisher outside of work. When they interviewed Rosemond a second time, he admitted to having phone conversations with Fisher outside of work and to running into her at a bar. *Id.* The interviews with Fisher also revealed that Rosemond and Fisher had spoken with each other about the investigation and their interviews despite being directed not to do so. *Id.*

As a result of the investigation, Stop & Shop concluded that Rosemond had not been completely honest or forthcoming about his contact with Fisher. *Id.* Further, he engaged in conversations with her about the investigation notwithstanding the unequivocal instruction not to discuss the interview. *Id.* Given Rosemond's position as one of the senior managers of the store and Fisher's position as a substantially younger subordinate, Stop & Shop found that his conduct as well as his interchange with Young called into question his ability to act effectively as a manager. *Id.* Based on the inappropriateness of his interactions with these subordinates, Stop &

3

Shop determined that an appropriate response was to transfer Rosemond to a different store and administer the warning. *Id.*

## Argument

### I. Rosemond Has Failed to Allege a Prima Facie Case of Retaliation.

To establish a prima facie case of retaliation under both M.G.L. c. 151B and Title VII, Rosemond must show that: (1) he engaged in legally protected conduct, (2) he suffered an adverse job action, and (3) there is a causal link between the protected conduct and the adverse action. *Marrero v. Goya of Puerto Rico, Inc.*, 304 F.3d 7, 22 (1st Cir. 2002) (retaliation under Title VII); *Mole v. University of Massachusetts*, 442 Mass. 582 (2004) (retaliation under c. 151B). While Stop & Shop does not dispute that Rosemond can establish the first element of the prima facie case, it is clear that he cannot establish the remaining two elements.

#### A. Rosemond Has Not Experienced an Adverse Employment Action.

Rosemond cannot prevail on his retaliation claim because he has not experienced an adverse employment action. To satisfy the adverse employment action prong of the prima facie case, Rosemond must have experienced an employment action that "materially disadvantaged him." *MacCormack v. Boston Edison Co.*, 423 Mass. 652, 663 (1996); *see also Marrero*, 304 F.3d at 23. Subjective feelings of dissatisfaction or disappointment with legitimate job actions are not sufficient; Rosemond must establish through objective evidence that he experienced a disadvantage "in respect to salary, grade, or other objective terms and conditions of employment." *MacCormack*, 423 Mass. at 663. "Work places are rarely idyllic retreats, and the mere fact that an employee is displeased by an employer's act or omission does not elevate that act or omission to the level of a materially adverse employment action." *Marrero*, 304 F.3d at 23, quoting *Blackie v. Maine*, 75 F.3d 716, 725 (1st Cir. 1996).

Neither the warning Rosemond received nor the transfer are sufficient to satisfy this standard because neither had the effect of changing the objective terms of Rosemond's employment. Rosemond does not, and cannot, allege that he was demoted, experienced a loss in pay or that his employment was otherwise materially disadvantaged. The transfer places him in the same position he was in, but at a different store. The warning is only a final warning with respect to similar inappropriate conduct and advises him not that he will be terminated, but that he will be subject to disciplinary action "up to and including termination." In these circumstances, Rosemond's employment has not changed materially for the worse.

### B. Rosemond Cannot Establish a Causal Link.

Even if the transfer and warning constitute adverse actions for purposes of Title VII and c. 151B, Rosemond's claim would fail because he cannot establish the necessary causal link between his protected activity in December 2003 and April 2004, and the imposition of the warning. In particular, no inference of a retaliatory motive is appropriate given both the fact that more than two years elapsed since he filed this action and the fact that he threatened a young associate and deliberately misled Stop & Shop in the course of its investigation.

As established in *Mole*, the fact that an employee engaged in protected conduct of which the employer is aware and thereafter experiences some adverse employment action "does not, by itself, establish causation." *Mole*, 442 Mass. at 592. However, if an adverse action is taken against an adequately performing employee in the "<u>immediate aftermath</u>" of the employer learning of the employee's protected conduct, a causal connection may be inferred. (Emphasis added.) *Id.*, citing, *Mesnick v. General Elec. Co.*, 950 F.2d 816, 827 (1st Cir. 1991); *see also Mole*, 442 Mass. at 595 (citing United States Supreme Court and Circuit decisions which find that in absence of other evidence, causation cannot be established where proximity between

5

protected activity and adverse action is insufficient).  In particular, Courts have found one and two year gaps between protected conduct and an adverse action to be insufficient to support an inference of causation.  *See, e.g., Bishop v. Bell Atlantic Corp.*, 299 F.3d 53, 60 (1st Cir. 2002); *Mole*, 442 Mass. at 595 (citing cases which found four months, one year and two year gaps were insufficient).

In this case, causation is not established both because the imposition of the warning and transfer were based on legitimate and well-founded concerns about Rosemond's conduct and management abilities, and because almost twenty-six months had passed since Rosemond filed this law suit.  In short, given his conduct, Rosemond cannot establish that he was performing adequately and given the timing, he cannot establish that the warning arrived in the "immediate aftermath" of his protected conduct.  Accordingly, because he cannot establish the necessary causal nexus, his retaliation claim fails.

## Conclusion

For the foregoing reasons, Stop & Shop respectfully requests that Rosemond's Motion to Amend be denied with prejudice.

Respectfully submitted,

THE STOP & SHOP SUPERMARKET COMPANY LLC,

By its attorneys,

/s/ Brigitte M. Duffy
Lisa J. Damon (BBO # 558843)
Brigitte M. Duffy (BBO # 567724)
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
(617) 946-4800

Dated:  June 16, 2006

6

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper will be sent to those indicated as not registered participants on June 16, 2006.

                                /s/ Brigitte Duffy