UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30072-MAP

JOSEPH ROSEMOND,
    Plaintiff

v.

STOP AND SHOP SUPERMARKET
COMPANY,
    Defendant

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF MOTION TO AMEND COMPLAINT

**I.   Factual Background**

Joseph Rosemond, an African American, ("Rosemond") has been an employee of the Defendant, Stop and Shop Supermarket Company ("Defendant") since 1994. In December of 2003, three employees of the Defendant participated in hanging a noose in Rosemond's office. The Defendant determined that at least two (2) employees hung the noose and that the supervisor of the employees observed the noose. There was also evidence that the supervisor participated in hanging the noose and joked about it. The Defendant suspended the two (2) employees who it concluded had hung the noose for two (2) weeks pending its investigation. Following the investigation, the Defendant claims that it issued additional discipline by issuing a "final warning upon their return to work" and transferring the employees to a different store. The supervisor who was involved in the noose incident received only a note in his personnel file that stated that he had failed to address the matter and report it to upper management.

On March 22, 2006, the Magistrate Judge (Neiman, U.S.M.J.), issued the Report and Recommendation with regard to Defendant's Motion for Summary Judgment

1

("Report"). The Report concluded that summary judgment for the Defendant was inappropriate on Rosemond's claim of coworker harassment. The Report found that a reasonable jury could conclude that the Defendant failed to take appropriate remedial action.

On or around April 8, 2006 and April 10, 2006, two of Defendant's employees found several "hangman" figures made from plastic twist ties which portrayed a man hanging from a noose hanging in the store to which Rosemond was assigned. After an investigation, Defendant's upper management, including Kenneth Burroughs, concluded that there "did not appear to be any significance to the stick figures and there was no evidence of problematic conduct or a troubling atmosphere at the store."

On April 10, 2006, the Defendant filed its objections to the Report ("Defendant's Objections"). The Defendant argued, in part, that the disciplinary action taken against the participants in the noose incident was adequate and that "the Report failed to acknowledge the most relevant evidence - the absence of either a history of prior racial harassment or further instances of harassing conduct. . . ." See Defendant's Objections, pp. 5-12.

Within a few days of the date on which Defendant's Objections to the Report were filed, Kenneth Burroughs began an unusually in-depth investigation into "rumors" that Rosemond was interacting with a Caucasian female subordinate outside of work, despite the fact that both Rosemond and the female subordinate denied any inappropriate relationship.[1] See Investigation Notes, Bates Stamped 271-296, hereinafter referred to as "Investigation Notes", a copy of which is attached hereto as Exhibit "A.". Although Rosemond had never received any disciplinary action in his approximately twelve (12) years of employment with Defendant, Defendant threatened

---

[1] The "investigation" was allegedly prompted when a male subordinate complained that Rosemond confronted him about whether he was spreading rumors about Rosemond and the female subordinate. However, the Defendant's Investigation Notes demonstrate that the investigation did not focus on the complaint made by the male subordinate.

2

Rosemond several times during the investigation that "This is your last chance" and forced Rosemond to go home. See Investigation Notes, Bates Stamped 278, 287.

Defendant's Investigation Notes indicate numerous employees were interviewed regarding any interactions between Rosemond and the subordinate during the investigation. See Investigation Notes. Rosemond and the female subordinate informed Defendant that Rosemond had offered to put the female subordinate in contact with Rosemond's brother, who owns an apartment building, when the female subordinate was looking for an apartment. See Investigation Notes, Bates Stamped 286, 290. Additionally, several employees stated that Rosemond and the female subordinate communicated outside of work. Despite the breadth of the investigation, not a single employee stated that they were aware of any inappropriate conduct between Rosemond and the female subordinate. See Investigation Notes.

On or around April 26, 2006, as part of his Response to Defendant's Objections, Rosemond submitted an affidavit regarding the investigation at his store conducted by Kenneth Burroughs into the recent incident involving the display of several "hangman" figures in Rosemond's store. On or about May 22, 2006, Kenneth Burroughs, the District Manager for Rosemond's store, submitted an affidavit in support of Defendant's Motion to Strike Rosemond's Affidavit.

On the same day that Kenneth Burroughs signed his affidavit in support of Defendant's Motion to Strike Rosemond's Affidavit, Kenneth Burroughs involuntarily transferred Rosemond to another store and gave him a lengthy, written "final warning with respect to inappropriate conduct." The "Findings" in the "Final Warning" distorted the information contained in the Investigation Notes and included accusations which appear to be entirely unsupported by the Investigation Notes. Based upon these distortions and false accusations, the "Final Warning" states that "These incidents raise questions about Joe's ability to act effectively in a management capacity."

II.     **Rosemond was Subjected to Adverse Actions, Including Threats and**

3

### Coercion

The Defendant claims that Rosemond should not be permitted to amend his complaint because "he has not experienced an adverse employment action." However, as noted above, the Defendants threatened Rosemond with termination, sent him home from work, placed a written "Final Warning" in his personnel file which indicates that his ability to act in a management capacity is in question, and involuntarily transferred Rosemond as discipline. These tangible employment actions are not merely the type of "subjective feelings of disappointment and disillusionment" or "petty slights or minor annoyances" which fail to qualify as adverse employment actions. Cf. Mac Cormack v. Boston Edison Co., 423 Mass. 652, 663 (1996); Burlington Northern & Santa Fe Railway Co. v. White, --- S.Ct. ----, 2006 WL 1698953, *10 (June 22, 2006). Rather, these adverse actions have a direct and material impact upon the terms and conditions of Rosemond's employment as a manager with Defendant. As an initial matter, the "Final Warning" specifically states that Rosemond's ability to act in a management capacity is in question. Additionally, the written "Final Warning" is included as part of Rosemond's personnel record. The negative evaluation of Rosemond contained therein will be used by Rosemond's supervisors when completing future employment evaluations, during consideration for any raises, promotional opportunities and bonuses, and when providing references to any future potential employers. The inaccurate and misleading written statements that Rosemond had an inappropriate relationship with a subordinate employee, which are memorialized in a lengthy memorandum and placed in his personnel record, will have a direct negative impact on Rosemond's career as a manager.

In Burlington, the United States Supreme Court recently held that an action is sufficiently adverse to qualify as "actionable retaliation" if "it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Burlington, 2006 WL 1698953 at *10-11. A reasonable management employee might well be dissuaded from bringing, pursuing and supporting a claim of unlawful racial harassment if he knew that, as a result of his protected actions, he would be subjected to the type of

disciplinary action taken by the Defendant in this case. Thus, the actions taken by the Defendant in this case are sufficiently adverse to qualify as actionable retaliation under Title VII.

In Ritchie v. Department of State Police, 60 Mass. App. Ct. 655, 805 N.E.2d 54 (2004), the plaintiff was issued a written reprimand purportedly for failing to find someone to assist in a homicide investigation. The reprimand indicated that the plaintiff would be asked to leave her unit if she disobeyed any future direct orders. Although the defendant's threat to remove the plaintiff from her unit was conditioned upon "future disobedience of a direct order," the Court found this threat was sufficient to allege an adverse employment action under Massachusetts General Laws ch. 151B. See Ritchie, 60 Mass. App. Ct. at 665, n. 17, 805 N.E.2d at 63, n. 17. Massachusetts General Laws ch. 151B, § 4(4A), makes it unlawful "[f]or any person to coerce, intimidate, threaten, or interfere with another person in the exercise of any right granted or protected by this chapter." Similarly, in the present action, Rosemond was not only threatened with termination, but also actually subjected to a disciplinary transfer. He also received a severe written reprimand which will remain in his personnel record, and explicitly states that his ability to manage employees is in question. Thus, the actions of the Defendant are more than sufficient to qualify as adverse actions under Mass. Gen. Laws ch. 151B.

### III.   Adverse Actions Were Taken in the Immediate Aftermath of Protected Activity

Defendant also asserts that Rosemond should not be permitted to amend his complaint because the adverse actions which he has alleged took place more than two years after he filed the present action. However, as noted above, the adverse actions took place within two months of the date that the Magistrate Judge (Neiman, U.S.M.J.), issued the Report which concluded that summary judgment for the Defendant was inappropriate on Rosemond's claim of coworker harassment. Additionally, the adverse actions took place within days of the date that Rosemond submitted his affidavit in support of his claims regarding the "hangman" figures found in his store. Furthermore,

on the same day that Kenneth Burroughs signed his affidavit in support of Defendant's Motion to Strike Rosemond's affidavit, Kenneth Burroughs involuntarily transferred Rosemond to another store and gave him the lengthy, written "final warning with respect to inappropriate conduct." Therefore, the adverse action was taken in the "immediate aftermath" of Rosemond's attempts to pursue and support his claims of unlawful racial harassment in the present action.

Defendant also asserts that Rosemond should not be permitted to amend his complaint because, based on the Defendant's investigation, Rosemond cannot establish that he was an "adequately performing employee." However, prior to the issuance of the Report and Rosemond's submission of his affidavit regarding the "hangman" figures, Rosemond had not been subjected to any disciplinary action in over ten years of employment with the Defendant. Additionally, there are significant factual disputes regarding the accuracy of Defendant's investigative findings. As noted above, the Defendant's Investigation Notes indicate that there was not a single employee who stated that he or she was aware of any inappropriate conduct between Rosemond and the female subordinate. Furthermore, the "Findings" in the "Final Warning" appear to have distorted the information contained in the Investigation Notes and included accusations which appear to be entirely unsupported by the Investigation Notes. Therefore, Rosemond should be permitted to amend his complaint to include his claims of unlawful retaliation.

                                    Respectfully submitted,
                                    Plaintiff, Joseph Rosemond,
                                    By His Attorney,

                                    _/s/ Tani E. Sapirstein_____
                                    Tani E. Sapirstein, Esq.
                                    BBO #236850
                                    SAPIRSTEIN & SAPIRSTEIN, P.C.
                                    1350 Main Street - 12th Floor
                                    Springfield, MA 01103
                                    Tel:   (413) 827-7500
                                    Fax:  (413) 827-7797

Date:  July 3, 2006


## CERTIFICATE OF SERVICE


I hereby certify that a copy of the above document was served upon the following, via first class mail, postage prepaid, to:

    Lisa J. Damon, Esq.
    Brigitte Duffy, Esq.
    Seyfarth Shaw LLP
    World Trade Center East
    Two Seaport Lane, Suite 300
    Boston, MA 02210-2028


                                    _/s/_____
                                    Tani E. Sapirstein, Esq.

Date:  July 3, 2006

K:\CASEFILE\ROSEMOND\Reply to Oppo to Amend.wpd