```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS
```

JOSEPH ROSEMOND,              )
        Plaintiff     )
                      )
        v.            ) C.A. 04-30072-MAP
                      )
STOP AND SHOP SUPERMARKET     )
COMPANY,                      )
        Defendant     )


### MEMORANDUM AND ORDER RE: REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(Docket Nos. 31 & 52)

September 28, 2006

**PONSOR, D.J.**

    Plaintiff, an African-American, has brought this action against Defendant, alleging that he suffered a racially-hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e <u>et</u> <u>seq.</u> and Mass. Gen. Laws ch. 151B.  Defendant filed a Motion for Summary Judgment, which was referred to Chief Magistrate Judge Kenneth P. Neiman for Report and Recommendation.

    On March 22, 2006, Judge Neiman issued his recommendation, to the effect that the Motion for Summary Judgment should be denied, but with the limitation that Plaintiff could pursue his action "only as a co-worker harassment case against Defendant under Title VII and ch. 151B."  Dkt. 52 at 26 (footnote omitted).

Both Plaintiff and Defendant filed timely objections to the Recommendation. Plaintiff contended that the Recommendation was incorrect in prohibiting trial of the issue of strict supervisory liability, and Defendant objected to trial under any guise.

Following <u>de novo</u> review, the court will adopt the Report and Recommendation for the reasons set forth in Judge Neiman's well-considered memorandum. In sum, the better view of the law is that neither Title VII nor ch. 151B would recognize a claim for supervisory liability on the undisputed facts of this case. Moreover, with regard to Plaintiff's claim based upon co-worker harassment, the court agrees that "the dispute about Defendant's knowledge and the adequacy of its response involves reasonable assessments not easily amenable to summary judgment." Dkt. No. 52 at 25 (citation omitted). Although Plaintiff's case may have some weaknesses, he is entitled to present his claim to the jury. Certainly, the "joke" of hanging a noose in an African-American co-worker's office is particularly despicable and is far from one of "the ordinary, if occasionally unpleasant, vicissitudes of the workplace . . . ." <u>Noviello v. City of Boston</u>, 398 F.3d 76, 92 (1st Cir. 2005), <u>citing</u> <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 788 (1998).

For the foregoing reasons, the Report and Recommendation

(Dkt. No. 52) is hereby ADOPTED and the Defendant's Motion for Summary Judgment (Dkt. No. 31) is DENIED, with the qualification articulated by Judge Neiman.

The court has denied Defendant's Motion to Strike (Dkt. No. 58) and Plaintiff's Motion to Amend Complaint (Dkt. 61) by separate notation. The clerk will set this case for a status conference before this court to set a course for future proceedings.

It is So Ordered.

                                    /s/ Michael A. Ponsor
                                    MICHAEL A. PONSOR
                                    U. S. District Judge